Dear Mayor Johnston:
This office is in receipt of your request for an opinion of the Attorney General in regard to a full-time employee of the Harahan Police Department who does not meet the criteria of a civil service employee. The Chief of Police believes that because he can hire and fire personnel, he can also set the policies and procedures for this employee.
Harahan's civil service employees receive compensatory time. Non-civil service employees do not receive compensatory time.
The Chief of Police believes that because the Police Department was not included in the Policies and Procedures ordinances for non-civil service employees the policy does not apply to the police department.
You question the status of this employee and further question if the Chief of Police may establish his own policy and procedures on this employee.
We find consideration of R.S. 33:423.2, City of Harahan; appointment and discharge of police personnel by the chief of police, pertinent to your questions. This statute provides as follows:
Notwithstanding the provisions of R.S. 33:402(4) or R.S.33:423 or any other provision of law to the contrary, in and for the City of Harahan, the chief of police shall appoint and discharge police personnel subject to the budgetary limitations of the mayor and board of aldermen pertaining to the number of allotted positions for the police department.
This office has recognized that in a Lawrason Act municipality the elected chief of police has control over the administration of his department and is the final authority in the day-to-day operation of his office. The governing authority cannot impair the inherent powers of an elected chief of police to assign its personnel and control its equipment. This conclusion is clearly established in the provisions of R.S. 33:423.2 wherein it sets forth that notwithstanding "any other provisions of law to the contrary" the chief of police for the city of Harahan shall appoint and discharge police personnel.
Accordingly, we must conclude the employee in question is non-civil service and is not bound by ordinance regulating municipal employees. The governing authority cannot impair the powers of the elected chief of police to supervise and assign its personnel and equipment. The chief of police can set his own policies and procedures thereby granting compensatory time and requiring forms as he establishes for the police department. This employee must be classified as a non-civil service police department employee subject to the control of the chief of police and not a non-civil service employee subject to the control of the Mayor.
This office having stated that an elected chief of police has control over the administration of his department, thereby assigning its personnel and controlling its equipment, it would follow that the employee in question would fall under the Rules and Regulations of the Harahan Police Department.
We hope this sufficiently answers your inquiry, but if we can be of further assistance do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: BARBARA B. RUTLEDGE Assistant Attorney General